UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS L. HAMMERBACHER,

      CASE NO. 13-CV-15170

*Plaintiff*,

*v.*      DISTRICT JUDGE PAUL D. BORMAN
      MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTIONS FOR ENTRY OF FINAL JUDGMENT (Doc. 20)
AND ATTORNEY'S FEES (Doc. 18)**

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion for entry of final judgment (Doc. 20) be **GRANTED**, and Plaintiff's motion for attorney's fees (Doc. 18) be **GRANTED IN PART AND DENIED IN PART**, such that Plaintiff's attorney be awarded $1482.50 in fees under the EAJA.

## II.    REPORT

### A.    Introduction and Background

Pursuant to an order of reference from United States District Judge Paul Borman, before the Court is Defendant Commissioner of Social Security's ("Commissioner") motion for final judgment (Docs. 20, 21), and Plaintiff Thomas Hammerbacher's motion for attorney fees under 28 U.S.C. § 2412(d). (Docs. 18, 21).

Plaintiff in this matter is represented by attorney John Morosi. Plaintiff applied for benefits under the Disability Insurance Benefits program of Title II, 42 U.S.C. § 401 *et seq*.,

and the Supplemental Security Income program of Title XVI, 42 U.S.C. §§ 1381 *et seq*. in March 2011, alleging on onset date of March 1, 2009. (Doc. 12 at 1). Plaintiff's application was denied at the initial level, by an Administrative Law Judge ("ALJ"), and by the Appeals Council. (*Id.*). Plaintiff then filed for judicial review of his claims on December 19, 2013. (Doc. 1). Plaintiff next filed a motion to remand the matter to the Commissioner pursuant to sentence sentences four and six of 42 U.S.C. § 405(g). (Doc. 12).

On August 21, 2014, Plaintiff and the Commissioner reached an agreement to remand the matter for further proceedings pursuant to sentence six of § 405(g). (Doc. 15). On October 14, 2014, Plaintiff filed a motion for attorney's fees. (Doc. 18). The parties jointly stipulated that the motion for attorney's fees would be held in abeyance pending the entry of final judgment in this matter. (Doc. 19). The Commissioner reached a decision fully favorable to Plaintiff on June 12, 2015. (Doc. 20 Ex. 1).

On November 24, 2015, the Commissioner submitted a motion for entry of final judgment. (Doc. 20). On December 21, 2015, District Judge Borman referred Plaintiff's motion for attorney's fees and the Commissioner's motion for entry of final judgment to the undersigned magistrate for a report and recommendation. (Docs. 18, 20, 21).

    **B.**    **Analysis**

        **i.**    **Entry of Final Judgment**

Entry of final judgment is appropriate at this time. As the Commissioner notes in her brief, Plaintiff has received a fully favorable decision holding that he was disabled within the meaning of the Social Security Act, and the 30-day period in which the parties could file exceptions to the Commissioner's decision has passed. (Doc. 20 at 2); 20 C.F.R. §§ 404.984,

416.1484. The sixty-day time period in which to file an appeal has likewise passed. *See Fugate v. Comm'r of Soc. Sec.*, No. 3:11-CV-390, 2013 WL 8229840, at *1 (S.D. Ohio May 24, 2013) (citing Fed. R. App. P. 4(a)(1)(B)).

Where the parties stipulate to entry of final judgment, and the time for challenging the Commissioner's decision has passed, the Court should enter judgment. The Commissioner's motion for entry of final judgment should thus be granted. (Doc. 20).

### ii.     Attorney's Fees in Social Security Cases Generally

Plaintiff moves for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq.* (Doc. 18). Attorneys in Social Security benefits cases may collect fees through two statutes: the EAJA, and 42 U.S.C. § 406. Fees collected under the EAJA are paid by the Commissioner out of its own coffers, whereas fees collected under § 406 are paid out of the claimant's past due benefits. *Scappino v. Comm'r of Soc. Sec. Admin.*, No. 1:12-CV-02694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015). Fees may be collected under the EAJA only where the Commissioner's position was not "substantially justified," and thus operates to "discourage the government from taking unjustified positions." *Jones v. Schweiker*, 565 F. Supp. 52, 55 (W.D. Mich. 1983).

### iii.     Standard for Obtaining EAJA Fees

Where a court renders a judgment favorable to a Social Security claimant who was represented by counsel, the court may allocate to that counsel a "reasonable" fee for such representation. 28 U.S.C. § 2412(b). An application for attorney fees under the EAJA, including an itemized justification for the amount requested, must be filed within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). In addition, the claimant must be an

eligible party, *i.e.* one "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Three additional conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of fees. *Ratliff v. Commissioner of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012); *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006).

### iv.     Plaintiff's is Eligible to Collect EAJA Fees

As established above, the Commissioner rendered a judgment favorable to Plaintiff. Plaintiff submits that his net worth does not exceed two million dollars, and the Commissioner does not challenge this assertion. (Doc. 18 at 1). While Plaintiff submitted his motion for EAJA fees prior to the entry of final judgment, the parties' stipulation to hold the motion in abeyance pending final judgment resolves this issue. Plaintiff's motion also properly contains an itemized list of the amount expended. Plaintiff thus satisfies all of the prerequisite criteria for obtaining EAJA fees.

The Court next turns to the merits of Plaintiff's EAJA motion. First, it is clear that Plaintiff is a prevailing party in this matter. While "a sentence six remand, by itself, is not a sufficient basis for a litigant to claim 'prevailing party' status . . . the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant." *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 842 (6th Cir. 2006). Because Plaintiff received a fully favorable decision on remand, he is the prevailing party. *Gibson v. Comm'r of Soc. Sec.*, No. 1:13-CV-069, 2015 WL 6948579, at *1 (S.D. Ohio Nov. 10, 2015),

report and recommendation adopted, No. 1:13CV69, 2015 WL 7888384 (S.D. Ohio Dec. 4, 2015).

Next, I find that the Commissioner's position in opposing Plaintiff's claim for benefits was not substantially justified. The allegation that the government's position was substantially justified "imposes no proof burden on the fee applicant, but is simply an allegation or pleading requirement." *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). That allegation "functions to shift the burden to the Government to prove that its position in the underlying litigation 'was substantially justified.'" *Id*. Where, as here, the Commissioner makes no attempt to argue that its position was substantially justified, a finding against the Commissioner is appropriate. *See, e.g.*, *Vykopal v. Comm'r of Soc. Sec.*, No. 1:14-CV-521, 2016 WL 836578, at *1 (W.D. Mich. Feb. 11, 2016), report and recommendation adopted, No. 1:14-CV-521, 2016 WL 827961 (W.D. Mich. Mar. 3, 2016) ("Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified . . . . Plaintiff is entitled to an award of attorney's fees under the EAJA."); *Rose v. Comm'r of Soc. Sec.*, No. 2:14-1901, 2016 WL 722142, at *1 (S.D. Ohio Feb. 24, 2016) ("In the absence of an opposing memorandum, the Commissioner cannot satisfy that burden . . . . Consequently, the Court must find that the Commissioner's litigation position was not substantially justified.").

Finally, there are no special circumstances which would warrant denial of fees. The "special circumstances" exception is a narrow one, and the Commissioner bears the burden of demonstrating such a circumstance. *Clay v. Harris*, 583 F. Supp. 1314, 1317 (N.D. Ind. 1984);

5

*see also Camilo v. Colvin*, No. 11-CV-1345 DAB MHD, 2015 WL 3385734, at *2 (S.D.N.Y. May 26, 2015). Plaintiff is thus eligible to collect EAJA fees.

### v.     The Amount and Rate of EAJA Fees to be Paid

EAJA fees must be "reasonable." 28 U.S.C. § 2412(b). Plaintiff's attorney alleges that he expended 10.9 hours of attorney time and 1.6 hours of legal assistant time in the preparation and prosecution of Plaintiff's benefits appeal. Considering the totality of this matter, including the benefit to Plaintiff and the complexity of the issues involved, this total number of hours is eminently reasonable. The Court has also examined each of the entries in Plaintiff's itemized list of hours expended, and finds these entries to be reasonable.

The EAJA provides for a $125 per hour cap on attorney's fees, which may be increased only where a court finds that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff's attorney seeks $172.50 per hour of attorney time, and $75 per hour of legal assistant time expended. (Doc. 18 Ex. 1 at 2). In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *Martin v. Comm'r of Soc. Sec.*, No. 12-14773, 2014 WL 7139991, at *2 (E.D. Mich. Dec. 12, 2014). The determination of whether an award above the statutory maximum is appropriate is left to the "sound discretion of the district court." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).

Here, Plaintiff's brief in support of his motion for attorney's fees cites only the Consumer Price Index ("CPI"), and does not provide any other evidence which could support an increase in the EAJA rate of fees. (Doc. 18 at 3). Specifically, Plaintiff asserts that "[t]he

current hourly rate is $172.50," citing the September 2009 CPI rate as calculated by the website http://inflationdata.com/. (Doc. 18 at 3 n. 2).[1]

The Sixth Circuit Court of Appeals has addressed the interrelation of EAJA fees and the CPI only once. In *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009), the Sixth Circuit found that a district court did not err by declining to grant an increase in the EAJA hourly rate where the attorney seeking fees "submitted only the Department of Labor's CPI, arguing that the rate of inflation supported an increase in fees." The court merely noted that "this [was] not enough," without further explanation. *Id*. The Seventh Circuit has recently concluded in a similar fashion that "[w]hile the CPI suffices as proof of an increase in the cost of living, claimants must still produce satisfactory evidence that the increase in the cost of living 'justifies' the rate requested." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015).

Applying *Bryant*, courts in this district have consistently found that an attorney must provide something more than a reference to the rate of inflation and CPI to justify an increase over the statutory $125 maximum set by the EAJA. *See, e.g.*, *Vock v. Comm'r of Soc. Sec.*, No. 13-CV-12753, 2014 WL 6974663, at *3-4 (E.D. Mich. Dec. 9, 2014) ("[I]t is well settled that relying on the CPI to support a higher hourly fee amount is insufficient evidence to support an award above the statutory maximum."); *Logan v. Comm'r of Soc. Sec.*, No. 13-CV-12807, 2014 WL 3599040, at *3 (E.D. Mich. July 22, 2014) ("[R]eliance on the CPI Inflation Calculator is alone insufficient to warrant a fee award greater than the statutory amount of

---

[1] It is not entirely clear to the Court why Plaintiff cites the September 2009 CPI rate when the attorney labor which he seeks compensation for was performed in 2013 and 2014. This choice is particularly quizzical given that Plaintiff could have argued for a higher rate of hourly payment had he cited the more recent CPI figure. *See Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 804 (N.D. Ohio 2013) (calculating EAJA fees by applying the CPI applicable to the dates on which the attorney's labor was performed).

$125 per hour under Sixth Circuit case law."); *Coates v. Colvin*, No. 12-CV-13900, 2014 WL 1389328, at *3 (E.D. Mich. Apr. 9, 2014) ("[I]t is well settled that relying on the CPI to support a higher hourly fee amount is insufficient evidence to support an award above the statutory maximum."); *Page v. Astrue*, 921 F. Supp. 2d 746, 748 (E.D. Mich. 2013) ("Plaintiff simply points to the Consumer Price Index, which *Bryant* specifically held is insufficient. Since it is plaintiff's burden to justify a rate higher than $125/hour, and she has not met that burden, the rate must remain at $125/hour."); *Sleight v. Comm'r of Soc. Sec.*, No. 11-13109, 2012 WL 4006684, at *2 (E.D. Mich. Sept. 12, 2012) ("Sleight bases her request for an increased attorney fee solely on the CPI, and the *Bryant* court has held such reliance insufficient to satisfy the burden of proof.").

The Court is aware that $125 today is a substantially less valuable sum than it was in 1996, when the EAJA rate was last amended. Where Plaintiff received an entirely positive outcome from his attorney's assistance, and where the Commissioner has not responded to Plaintiff's motion for fees, the Court would prefer to grant a rate of EAJA fees which accounts for the rate of inflation. Yet the standard is dictated by the EAJA, and that statute does not provide for automatic increases in the rate of fees. If Congress intended for fees under the EAJA to automatically adjust for inflation, it knew how to accomplish that task. *See Boehner v. Anderson*, 809 F. Supp. 138, 140 (D.D.C. 1992), aff'd, 30 F.3d 156 (D.C. Cir. 1994) ("Congress first provided for automatic annual adjustments to its Members' pay in the Executive Salary Cost-of-Living Act of 1975, Pub. L. 94–82."). Barring amendment of the EAJA or a reinterpretation of that statute by the Sixth Circuit, this Court is bound to conclude

8

that a motion for attorney's fees which cites nothing more than the CPI is insufficient, and should be denied.

Because Plaintiff has failed to properly support his proposed hourly rate for EAJA fees, the Court finds that payment at the standard statutory rate of $125 per hour is appropriate. This conclusion should come as no surprise to Plaintiff's counsel, whose motions for attorney's fees under the EAJA have on at least one prior occasion been denied for failure to provide support other than the CPI. *See Walker v. Colvin*, No. 12-11175, 2014 WL 2587706, at *2 (E.D. Mich. June 10, 2014). Further, other attorneys at the firm to which Plaintiff's counsel belongs have had similarly deficient motions denied on at least four prior occasions. *See Walker v. Colvin*, No. 12-11175, 2014 WL 2587706, at *2 (E.D. Mich. June 10, 2014); *Weidlich v. Comm'r of Soc. Sec.*, No. 1:12-CV-566, 2013 WL 5507738, at *2 (W.D. Mich. Oct. 3, 2013); *Johnson v. Comm'r of Soc. Sec.*, No. 1:12-CV-696, 2013 WL 5507917, at *2 (W.D. Mich. Oct. 3, 2013); *Alt v. Comm'r of Soc. Sec.*, No. 1:11-CV-29, 2011 WL 6888546, at *2 (W.D. Mich. Nov. 18, 2011), report and recommendation adopted, No. 1:11-CV-29, 2011 WL 6888544 (W.D. Mich. Dec. 29, 2011).

Multiplying the 10.9 hours allegedly spent by Plaintiff's attorney in this case by the statutory rate of $125 per hour, the Court finds that Plaintiff should be awarded $1362.50 in fees for his attorney's work. Adding to this the undisputed $120 payment for 1.6 hours of legal assistant time, the Court concludes that Plaintiff should be awarded $1482.50 in fees under the EAJA.

Finally, the Court must determine whether the EAJA fees should be paid to Plaintiff himself, or to Plaintiff's counsel. EAJA fees are typically paid directly to plaintiffs. *Astrue v.*

*Ratliff*, 560 U.S. 586 (2010). Here, however, Plaintiff has assigned his EAJA fees to his attorney. (Doc. 18 Ex. 2). This arrangement is permissible, and similar contracts have been regularly enforced by courts in this district. *See Payne v. Comm'r of Soc. Sec.*, No. 13-CV-13561, 2015 WL 5212048, at *3 (E.D. Mich. Aug. 31, 2015); *Prieur v. Comm'r of Soc. Sec.*, No. 13-CV-12409, 2015 WL 143922, at *3 (E.D. Mich. Jan. 12, 2015). Consequently, the EAJA fee should be paid directly to Plaintiff's attorney, John Morosi, rather than to Plaintiff.

### C. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the Commissioner's motion for entry of final judgment (Doc. 20) be **GRANTED**, and Plaintiff's motion for attorney's fees (Doc. 18) be **GRANTED IN PART AND DENIED IN PART**, such that Plaintiff's attorney be awarded $1482.50 in fees under the EAJA.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390,

401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 8, 2016                                    S/ PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge


**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: April 8, 2016                                     By s/Kristen Krawczyk
                                                         Case Manager